UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22568-CIV-COOKE/GOODMAN

CHRISTIAN A. BEEN

    Plaintiff,

v.

FLORIDA INJURY NETWORK, LLC
d/b/a 1-800-INJURED, CAPITAL
ADVERTISING, LLC d/b/a 1-800-INJURED,
ROBERTO SACASA, individually,
FLORIDA ADVICE, LLC,
and ROBERTO F. GUERRERO, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, CHRISTIAN A. BEEN, and Defendants, FLORIDA INJURY NETWORK, LLC d/b/a 1-800-INJURED, CAPITAL ADVERTISING, LLC d/b/a 1-800-INJURED, ROBERTO SACASA, individually, FLORIDA ADVICE, LLC, and ROBERTO F. GUERRERO, individually, by and through their undersigned counsel hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice conditioned upon the Court's reservation of jurisdiction to enforce the terms of the parties' settlement agreement,[1] and in support state as follows:

On April 30, 2018, the Plaintiff filed his Complaint alleging a failure to pay wages in violation of the Fair Labor Standards Act ("FLSA"). (D.E. 1-1). On June 26, 2018, Defendants removed the case to this Court. (D.E.1) and responded to the Complaint denying the allegations.. (D.E. 3).

---

[1] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

On July 26, 2018, Plaintiff filed an Amended Complaint (D.E. 7). On July 30, 2018, Defendants responded to the Complaint denying the allegations.  (D.E. 10).

Defendant denies that it violated the FLSA in any manner.  However, the Parties have been able to reach a settlement concerning the Plaintiff's claims, and have incorporated the terms of the settlement into a settlement agreement executed by both of the Parties.  The settlement agreement settles all claims including the claims of breach of agreement, quantum meruit, unjust enrichment, retaliation, and dishonored checks.

Pursuant to *Lynn's Food Stores, Inc. v. U.S*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled only with the approval of the Court or Secretary of Labor. The Parties stipulate that the negotiated settlement reached between the Parties represents a "fair" resolution of Plaintiffs' FLSA claims as well as Plaintiffs' reasonable attorneys' fees and costs. The Parties also stipulate that the settlement reached between them advances judicial economy.

The Parties disputed several issues in this case, including whether Plaintiff was an independent contractor or an employee and whether some of the Defendants even employed Plaintiff.  The Parties also the number of hours that Plaintiff worked, and whether Plaintiff was not properly paid for any hours worked.  Plaintiff potentially may not have recovered anything or less than what he claimed in his Amended Complaint (D.E. 7) and in his Statement of Claim (D.E. 8) and, similarly, Defendant could have been indebted to the Plaintiff for a Judgment, in part or in whole, and potentially including, liquidated damages and attorney's fees.  Consequently, the parties recognize the inherent uncertainty in proceeding with this action, the investiture of additional time to continue to litigate this case, the preoccupation of litigation, and an additional expenditure of fees and costs that will accrue, and the Parties have agreed to a settlement amount.

The Parties further stipulate to the dismissal, with prejudice, of this action of all claims asserted conditioned upon the Court's reservation of jurisdiction to enforce the terms of the parties' settlement agreement, upon approval by the Court as requested above with each party to bear its own attorney's fees and costs except as provided for in the settlement agreement. The Parties request this Court retain jurisdiction to enforce that the Settlement Agreement entered into by and between the Parties. (See Settlement Agreement attached hereto as Exhibit A).

## **MEMORANDUM OF LAW**

**A.     Standard of Review.**

To determine whether a settlement in an FLSA case is the fair and reasonable compromise of a *bona fide* dispute, Courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits: (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. 2007).

**B.     There Is a Bona Fide Dispute as to Plaintiff's FLSA Claims and all Relevant Criteria Support Approval of the Settlement.**

Courts have found no fraud or collusion, i.e., a bona fide dispute, where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. *Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at 11-12 (M.D. Fla. 2006).

Here, each Party was independently represented by legal counsel with experience in litigating claims under the FLSA. Counsel for the parties were obligated to, and did, vigorously represent their respective clients' rights. Settlement negotiations carried over several weeks. It is

clear there is no fraud or collusion based on the representation of the parties and the amounts to be paid to Plaintiff.

It is also clear that this case involved a *bona-fide* dispute: Plaintiff maintains he was an employee of all Defendants whereas Defendants denied all such allegations and maintained Plaintiff was an independent contractor with Florida Advise, LLC. *See Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010), analyzing the dispute between the parties.

All other factors weigh in favor of approving this settlement. If the Parties continued to litigate this matter, they would be forced to engage in protracted litigation, at a cost many times that of the amount claimed by Plaintiff, with an outcome that remained uncertain for both parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Furthermore, the Parties exchanged information regarding their claims and defenses before reaching any agreement. The exchange of considerable facts, evidence, and legal theories regarding the claims and defenses of the Parties allowed each party to reach a settlement only after conducting an adequate investigation of the disputed claims and engaging in an educated and informed analysis of the issues.

Lastly, the probability of success on the merits and the range of possible recovery also support approval of the settlement. The Parties disagreed regarding Plaintiff's status as an employee, whether he performed his duties as required, and whether he worked the hours alleged in the Amended Complaint..  The Parties discussed conflicting documentary evidence and numerous legal arguments and authorities on the issue. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff, and both offered facts and evidence and

arguments to support their respective positions. Lastly, the Parties disagreed on Plaintiff's entitlement to liquidated damages.

As such, Plaintiff's probability of success on the merits and the range of possible recovery are uncertain, further suggesting that this settlement is fair, reasonable, and appropriate.

### C. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

The settlement should also be approved because the Parties agreed upon Plaintiff's attorneys' fees and costs separately and without regard to the amount paid to the Plaintiff as wages under the Parties' settlement agreement. *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). ("[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

Plaintiff's attorney's fees and costs were agreed upon separately and without regard to, nor compromise of, the amount Plaintiff is receiving under the terms of the settlement agreement. The amount of fees and costs was negotiated separately and without consideration to the original amount claimed by Plaintiff or the compromised settlement amount negotiated on behalf of Plaintiff. As noted above, Plaintiff's counsel did <u>not</u> agree upon a settlement amount, then deduct fees and costs, or otherwise affect Plaintiff's recovery based on the amount of fees and costs recovered. Rather, Plaintiff's counsel reached a meeting of the minds with opposing counsel

regarding the amount authorized by Plaintiff in settlement, and negotiated fees and costs separately. Furthermore, because the settlement is reasonable, the Parties respectfully submit that Plaintiffs' attorney's fees and costs should be approved without separate analysis regarding the reasonableness of the fee to be paid to plaintiff's attorney. *Bonetti v. Embarq Management Company*, 715 F.Supp.2d at 1228 (M.D. Fla. 2009).

**WHEREFORE**, the Parties respectfully request that Honorable Court: (1) grant their Joint Motion for Approval of the FLSA Settlement, and (2) enter a final order of dismissal with prejudice conditioned upon the Court's reservation of jurisdiction to enforce the terms of the parties' settlement agreement, and without taxing attorneys' fees or costs.

Respectfully submitted this 2nd day of April, 2019.

| | |
|---|---|
| /s/Max L. Horowitz_____ | /s/Elizabeth M. Rodriguez |
| Anthony M. Georges-Pierre | Elizabeth M. Rodriguez |
| Max L. Horowitz | Florida Bar No. 821690 |
| Remer & Georges-Pierre, PLLC | Ford & Harrison, LLP |
| 44 West Flagler Street | One S.E. 3rd Avenue, Suite 2130 |
| Suite 2200 | Miami, FL 33131 |
| Miami, FL 33130 | Tel: (305) 808-2143 |
| Tel: (305)416-5000 | Fax: (305) 808-2101 |
| Fax: (305) 416-5005 | Email: erodriguez@fordharrison.com |
| Email: mhorowitz@rgpattorneys.com | Attorney for Defendant |
| Attorney for Plaintiff | |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail this 2nd day of April, 2019 on the following:

Anthony M. Georges-Pierre
Max L. Horowitz
Remer & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130
Tel: (305)416-5000
Fax: (305) 416-5005
Email: mhorowitz@rgpattorneys.com
Attorney for Plaintiff